IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Scott W. Barnes, #97867-004,<br><br>      Petitioner,<br><br>v.<br><br>Warden W.E. Mackelburg,<br><br>      Respondent. | C/A No. 2:20-cv-1353-JFA-MGB<br><br><br>**ORDER** |

  Petitioner Scott W. Barnes ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the matter was referred to a Magistrate Judge for initial review.

  The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that the petition should be summarily dismissed, without prejudice, for lack of jurisdiction. (ECF No. 3). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

  Petitioner was advised of his right to object to the Report, which was entered on the docket on April 21, 2020. (ECF No. 3). The Magistrate Judge required Petitioner to file

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

objections by May 5, 2020. *Id.* However, Petitioner failed to file any objections or otherwise respond. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the Petitioner fails to meet the savings clause for filing a §2241 petition and therefore this court lacks jurisdiction.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 3). Thus, the Petition is dismissed for lack of jurisdiction, without prejudice and without requiring the respondent to file a return.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

May 12, 2020                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge

---

demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).